635 A.2d 159

Kenneth GERMAN, Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Carl E. & Marjorie SCHULTZ, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc., A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

John R. and Grace KENNEDY, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc.,

Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Richard & Louise DELGOTT, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fibreglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Frank & Doris SCOLA, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K.

Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Standard Insulation Inc., Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Allan SHANK, Jr., Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Nicolet Industries, Inc., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Albert C. & Patricia STAEHLE, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum ·Company, Nicolet Industries, Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter

Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Standard Insulation, Inc., Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Dennis and Marie O'DONNELL, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Standard Insulation, Inc., Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation, Owens–Corning Fiberglas Corporation.

James & Ann WALKER, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation, Combustion Engineering, Owens–Corning Fiberglas Corporation.

Frank and Helen ENT, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Anthony BORSKI, Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

William and Joan MANGOLD, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K.

Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Standard Insulation, Inc., Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Lucille ROTHERMEL, Executrix of the Estate of John Rothermel, Dec'd, and in Her Own Right, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

William & Grace ROTHERMEL, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Nicolet Industries, Inc., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K.

Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Standard Insulation, Inc., Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Edward G. LEX, Jr., Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Francis G. HIGGINS, Jr., Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc.,

Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Richard and Jeanne ROLLISON, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Jeanne & Richard ROLLISON, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc.,

Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Charles & Patricia FITZGERALD, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Thomas M. & Antoinette PFROMMER, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc.,

Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Maryann FITZGERALD, Executrix for the Estate of James Fitzgerald, Dec'd, and in Her Own Right, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock Industries, Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N PLC. F/K/A Turner–Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc. A/K/A Crane Packing Company, Amchem Products, Inc., Foster–Wheeler Corporation.

Superior Court of Pennsylvania.

Argued May 25, 1993.

Filed Dec. 16, 1993.

R. Bruce McElhone, Maryland, for appellants.

Joseph W. McGuire, Philadelphia, for Owens–Corning Fiberglass Corp., appellee.

Patricia Nigro, Philadelphia, for Owens–Illinois, Inc., appellee.

Before ROWLEY, President Judge, and CAVANAUGH and FORD ELLIOTT, JJ.

FORD ELLIOTT, Judge:

These consolidated appeals are from the October 16, 1991 orders of the Court of Common Pleas of Philadelphia County, dismissing eleven of the cases to be re-filed in New Jersey and transferring the other ten cases to one of three counties:

Delaware, Montgomery, or Chester. We affirm in part and vacate in part.

The individual factual scenarios underlying each of the twenty-one cases will be summarized, as needed, during an analysis of the legal issues presented. However, by way of introduction, some general background information may prove beneficial. All twenty-one appellants were plaintiffs in the underlying asbestos actions. All were construction tradesmen and members of trade union locals headquartered in Philadelphia. Through their unions, the various appellants were hired to work at construction sites in and around Philadelphia County. Through such work, appellants were all exposed to asbestos and asbestos-containing products. As a result of this exposure, appellants filed suits seeking recovery for the resultant injuries and/or deaths.

Faced with an extremely congested docket of asbestos cases, the Philadelphia County Court of Common Pleas announced, in May 1991, its desire to determine the status, for venue purposes, of such cases filed between 1986 and 1991. With that purpose in mind, the trial court in August 1991 ordered appellants to submit information sheets summarizing their residences and locations of exposure to asbestos. The trial court reviewed these summaries in conjunction with an "omnibus motion" by appellees to dismiss cases for re-filing in other jurisdictions or to transfer cases to other counties, based upon *forum non conveniens.*

On October 16, 1991, the trial court issued four orders in response to the "omnibus motion." The first order dismissed eleven of the actions so that they could be re-filed in New Jersey. The second order transferred seven of the cases to Delaware County. The third order transferred two of the cases to Montgomery County. The fourth order transferred

one case to Chester County. Appellants filed petitions for reconsideration which were denied by the trial court. These timely appeals followed. The twenty-one cases have been consolidated for appellate review.

Appellants presently raise the following three issues for our consideration:

I. Did the Appellee satisfy the burden of proof on the record necessary to justify dismissal because: A. The transferee jurisdiction is an available alternative jurisdiction; and, B. Trial in the original jurisdiction when compared to the transferee jurisdiction would be: i.) oppressive and vexatious to the Appellees; or ii.) inappropriate because the litigation had insufficient contacts to the jurisdiction to justify its contribution to congestion in the courts of the forum or imposing jury duty on its citizens?

II. Did the Appellee clearly satisfy the burden of proof necessary to justify venue transfer on the record because: A. The transferee venue was equally competent with the original venue and it would have been proper to institute the cause of action there; and, B. The transferee venue was more convenient for both parties or the witnesses; and, C. Trial in the original jurisdiction when compared to the transferee jurisdiction would be: i.) oppressive and vexatious to the Appellees; or, ii.) inappropriate because the litigation had insufficient contacts to the venue to justify its contribution to congestion in the courts of the county or imposing jury duty on its citizens?

III. Was *forum non conveniens* in the jurisdictional or venue context, respectively, properly before the lower court?

The first issue raised by appellants concerns the trial court order dismissing eleven of the actions so they can be re-filed

in New Jersey. The appellants affected by that order include: William and Grace Rothermel; Lucille Rothermel (Executrix of the Estate of John Rothermel); William and Joan Mangold; Edward G. Lex, Jr.; Francis G. Higgins; Richard and Jeanne Rollison; Jeanne and Richard Rollison; Maryann Fitzgerald (Executrix of the Estate of James Fitzgerald); Charles and Patricia Fitzgerald; Thomas and Antoinette Pfrommer; and Anthony Borski.

The common thread among these appellants, except Francis G. Higgins, is that they all currently reside in New Jersey. Mr. Higgins resides in Florida but was exposed to asbestos in both Philadelphia and New Jersey. The others, although residents of New Jersey, all spent parts of their careers working in Philadelphia. In some cases, the time spent working in Philadelphia was significantly greater than that spent working in New Jersey. For example, Mr. Rothermel worked a total of nearly thirteen years in Philadelphia and only three years in New Jersey. William Mangold worked nearly twelve years in Philadelphia and three years, seven months in New Jersey. Edward Lex worked for seven and one-half years in Philadelphia and a little over two years in New Jersey. The pattern is similar with the other appellants in this group. However, the trial court concluded that because these appellants were now residents of New Jersey and had worked some portion of their careers there, the cases filed in Philadelphia should be dismissed and re-filed in New Jersey.

■ Our standard of review in an appeal from an order granting a dismissal or transfer based upon *forum non conveniens* is abuse of discretion. *See Plum v. Tampax, Inc.*, 402 Pa. 616, 168 A.2d 315 (1961). "[A]buse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill will." *Beatrice Foods, Co. v. Proctor & Schwartz,*

309 Pa.Super. 351, 361, 455 A.2d 646, 651 (1982). Presently, we find that the trial court abused its discretion with respect to ordering the dismissal of these eleven actions to be re-filed in New Jersey.

█ Whether a suit should be dismissed for re-filing in another jurisdiction, under the doctrine of *forum non conveniens,* is dependant upon two factors.

> [T]he two most important factors for the court to consider are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) *no action will be dismissed unless an alternative forum is available to the plaintiff.*

*Page v. Ekbladh,* 404 Pa.Super. 368, 372, 590 A.2d 1278, 1280 (1991), *quoting Beatrice Foods* at 359, 455 A.2d at 650 (emphasis added). In considering the second factor, our supreme court noted:

> Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

*Rini v. New York Central R.R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 373–74 (1968).

█ In the eleven cases involved in the dismissal order, all of them would be time barred by the applicable New Jersey statute of limitations. Furthermore, our review of the record reveals no stipulation by appellees that they will not raise a statute of limitations defense once the cases are re-filed in New Jersey. The trial court's order does state that appellees have agreed to waive the statute of limitations defense. However, there is no stipulation to that effect which these appellants could present to a New Jersey court for enforcement. The trial court's order, itself, has no binding effect on a New

Jersey court. Thus, the fact that the trial court acknowledged in its order that the defense has been waived is not equivalent to a legally binding stipulation signed by appellees, which could be enforced by a New Jersey court. Accordingly, because the statute of limitations defense remains legally viable as to these eleven appellants, we must conclude that it was an abuse of discretion for the trial court to dismiss their cases. Accordingly, we will vacate that order of the trial court.

Appellants' remaining two issues concern the ten cases which were transferred to other counties in Pennsylvania. We shall consider the last issue first, as that concerns the procedure utilized by the trial court to transfer the cases. We must first determine the validity of the trial court's procedural methods, before addressing the substance of the transfer orders.

■ Appellants' last matter questions whether the issue of transferring venue was ever properly before the trial court in the first instance. Appellants contend that there were never any petitions filed by appellees and no depositions taken on factual issues, as required under Pa.R.C.P. 206–209. Our review of the record reveals that the trial court has adopted special procedural rules in considering the issue of venue transfer in asbestos cases.[1] Instead of considering individual petitions on each of thousands of asbestos cases, the court notifies the bar that it will entertain an omnibus motion on all cases filed during a certain year. In conjunction therewith, plaintiffs' counsel are requested to fill out and file information forms providing the court with information as to work history and residency. On the day of argument, oral petitions are raised on the contested cases and argument is presented to the trial court. Although an unusual procedure, we find that it may be an essential one in Philadelphia County, where the

1. These procedures are set out for counsel in the form, *Complex Litigation Center Motions Procedures,* and signed by Alex Bonavitacola, Administrative Judge, and Sandra Mazer Moss, Calendar Judge.

court is faced with an enormous backlog of asbestos cases. A review of the transcript reveals that many cases are transferred by consent. In those cases that are contested, the trial court is presented with factual information through the information sheets and oral argument. On those occasions where there is still some uncertainty, the court will take the matter under advisement and request additional information from the parties. Thus, while the procedure does not precisely conform to the rules, the purpose of the rules is being served, and, in the long run, the litigants benefit by having the matters considered more expeditiously. Accordingly, we will not disturb what appears to be an efficient and fair procedure.

■ Having determined that the question of *forum non conveniens* was properly before the trial court, we now turn our attention to the substance of the trial court's rulings on the remaining ten appellants. Seven of appellants' cases were transferred to Delaware County, including: Allan Shank, Jr.; Albert C. and Patricia Staehle; Frank and Doris Scola; Frank and Helen Ent; Carl E. and Marjorie Schultz; John R. and Grace Kennedy; and Richard and Louise Delgott. Two of appellants' cases were transferred to Montgomery County; they include: James and Ann Walker; and Kenneth German. Dennis and Marie O'Donnell's case was transferred to Chester County.

All ten of these appellants currently reside in the county to which their case was transferred. However, at some point during their careers, all these appellants worked in Philadelphia. Some even lived in Philadelphia at one time. In deciding to transfer venue, the trial court looked at current residences and what percentage of time was spent working in Philadelphia. The trial court balanced private and public interest factors and decided to transfer jurisdiction to the current resident county of each appellant. We find there is no abuse of discretion on the part of the trial court with respect to these ten appellants.

■ Instantly, we note that a plaintiff should not be deprived of their choice of forum unless the defendant:

■■■■■■■■■■

[c]learly adduces facts that *either* (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience *or* (2) make a trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. A court must balance these private and public interest factors but unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Incollingo v. McCurran,* 416 Pa.Super. 419, 423, 611 A.2d 287, 289 (1992), *quoting Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 281, 525 A.2d 1230, 1232 (1987) (emphasis added).

■■ Based upon the facts presented, it then falls upon the trial court to

consider those elements which affect the private interests of the litigants which include: the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses; possibility of view of the premises if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.... The court *must* also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation ...

*Petty, supra* at 281–82, 525 A.2d at 1232 (emphasis added).

Presently, our review of the record and the trial court opinion lead us to conclude that the trial court committed no abuse of discretion when it decided to transfer the ten cases at issue.

As the record clearly indicates, the trial court considered the various elements affecting the private interests of the parties, including current residence, location of exposure, work history, witness location, and sources of proof. The trial court also considered the public interest factors, the most important

of which was increasing court congestion created by the asbestos cases. The trial court weighed these various factors and determined that the public interest factors weighed heavily in favor of transferring these cases. We do not find such a decision to be an abuse of discretion. The *Petty* decision requires that a court consider public interest factors when evaluating a change of venue motion. With respect to the ten cases at issue, all the appellants are residents of the counties to which their cases were transferred. While these appellants did work, at some point, in Philadelphia County, they all worked part, if not most, of their careers outside Philadelphia County.

As noted by Judge Moss, in the area of asbestos litigation, consideration of the public interest factors very often benefit the private interests of the litigants. With respect to those litigants whose cases are transferred, their cases will surely be heard more quickly in the transferee county given the enormous backlog of cases existing in Philadelphia County. The transfers will also serve to expedite the cases of those litigants whose claims remain in Philadelphia County. Thus, the public interest concern of court congestion can be directly related to private interest concerns.

This correlation is even stronger in the setting of asbestos litigation. As discussed previously, the Philadelphia courts are confronted with an almost overwhelming docket because of the explosion of asbestos litigation over the past decade. In fact, Philadelphia County has one of the largest asbestos dockets in the country. *See* National Center for State Courts' Statistics, U.S. Commerce Department, 1990. The judges of the Court of Common Pleas of Philadelphia County, most notably Judge Moss, are struggling with this congestion and achieving unprecedented success. The omnibus motion procedure utilized herein is one example of the creative case management techniques utilized by the court in a streamlined program. As the trial court notes, procedures which expedite the caseload are essential in that many litigants otherwise might suffer and die before their cases ever reach court as the disease often moves faster than the court calendar. Thus, by

weighing the public interest concerns in mass tort litigation situations such as this, there is also a direct impact on private interest concerns: an impact which has the beneficial effect of allowing the claims of asbestos litigants to reach court and be heard as quickly as possible. Accordingly, we cannot find that the court abused its discretion when, after carefully weighing all relevant factors, it determined that the scales tipped in favor of transferring these ten cases.

In conclusion, because we find that the trial court has abused its discretion with respect to the New Jersey cases, we are compelled to vacate those orders and remand those cases to the trial court for further proceedings. Should all parties be in agreement that the "New Jersey" cases be dismissed and re-filed in New Jersey, we leave it to the parties to provide some record of such intention such that appellants will be protected from a statute of limitations defense in New Jersey.

With respect to the remaining ten cases, we find that the three orders transferring those cases were proper and therefore affirm those orders.

Accordingly, the orders are affirmed in part and vacated in part, and the cases are remanded for further proceedings consistent with this opinion.