525 A.2d 1230

Satterlee PETTY, Appellant,

v.

SUBURBAN GENERAL HOSPITAL, Internal Medical Associ-
ates, Dr. Donald J. Sesso, Dr. Albert J. Fornace, Dr. R.W.
Driscoll, Dr. Wilmer Bath, Dr. Jeffrey Striar, Dr. S. Shoe-
maker, Dr. Stephen Thal, Dr. D.M. Zapitelli, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 17, 1986.

Filed March 23, 1987.

Reargument Denied May 29, 1987.

278

Jay R. Levenberg, Cheltenham, for appellant.

Michael Smith, Philadelphia, for Suburban General, appellee.

Felice M. Quigley, Philadelphia, for Driscoll, Bath, Striar and Shoemaker, appellees.

Before CIRILLO, President Judge, and MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Satterlee Petty, plaintiff/appellant, takes this appeal from the Order transferring his cause of action from Philadelphia to Montgomery County on the ground of *forum non conveniens.*

Plaintiff/appellant alleged in his complaint that on or about April 25, 1983, while he was engaged in his occupation as an engineer, he suddenly became dizzy, lost his visual focus and fell down an embankment. An ambulance crew took him to the defendant/appellee, Suburban General Hospital, where he came under the care of the other defendants/appellees.

On April 18, 1985, plaintiff/appellant filed a civil complaint in the Court of Common Pleas of Philadelphia against all the defendants/appellees. The thrust of his complaint alleges that he agreed to the surgical implant of a pacemaker only because he was falsely advised that the implant was necessary to save his life and further that the defendants/appellees falsely led him to believe that the decision to perform the implant surgery was arrived at after consultation with his personal physician. Plaintiff/appellant also averred that the pacemaker was implanted on a permanent basis, thereby rendering its removal extremely dangerous or hazardous. He requested compensatory damages for the alleged medical malpractice of all defendants/appellees. On the basis of uninformed consent, he also asked for both compensatory and punitive damages arising out of the alleged unlawful assault and battery upon his person.

Appellee/defendant, Suburban General Hospital, filed a motion under Pa.R.C.P. 1006(d)(1) requesting a transfer of the action to Montgomery County for the convenience of the parties and witnesses. Subsequently, defendants/appellees, Internal Medical Associates and Doctors Sesso, Fornace, and Driscoll joined in the motion to transfer.[1] The

---

1. Our review of the record indicates that the complaint was never served on either Dr. Bath or Dr. Strair. Further, it appears that although Dr. Zapitelli was properly served, he remains unrepresented by counsel and has never filed any pleadings.

motion was granted and the action was transferred as requested. This appeal followed.

Plaintiff/appellant has presented only one claim for our review. He claims that because defendants/appellees presented no evidence upon which the trial court could have concluded that the parties and witnesses would be inconvenienced if the action remained in Philadelphia, the order transferring the action to Montgomery County constituted an abuse of discretion. We agree and therefore reverse.[2]

■ Preliminarily we note that none of the defendants/appellees raised a question of *improper* venue in Philadelphia where the action was filed. Pa.R.C.P. 1006(e) provides, in pertinent part: "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." (Emphasis added). Here no such preliminary objections were filed challenging venue in Philadelphia; in fact, defendant/appellee, Suburban General Hospital, said in its motion to transfer: "Since it is alleged several doctors involved in this lawsuit have business contacts in Philadelphia County, *venue would appear to be proper in Philadelphia County.* However, it would also be proper in Montgomery County." Motion to Transfer, para. 7. (Emphasis added). We agree and find that venue would be proper in either Philadelphia or Montgomery County.

Pa.R.C.P. 1006(d)(1) provides: "For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

In *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 158 (3d Cir.1980), the court stated that Pennsylvania cases dealing

**2.** An order changing venue, although interlocutory, is appealable. Pa.R.A.P. 311(c) provides: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declaring to proceed in the matter on the basis of forum non conveniens or analogous principles." Consequently, the order transferring venue is properly before this court for our review.

with *forum non conveniens* have mirrored federal law in all essential respects.

> Opinions of the Pennsylvania Supreme Court have adopted almost verbatim the factors to be considered that are set out in *Gilbert* and *Koster:* scope of trial court discretion, and standard of appellate review. *See Rini v. N.Y. Central R. Co.,* 429 Pa. 235, 240 A.2d 372 (1968); *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960). The section of the Restatement regarding *forum non conveniens,* on which the Pennsylvania Courts also rely, in turn relies on their major federal cases. *See* Restatement (2d) Conflict of Laws § 84 note (1971).

*Id* at n. 20. The *Reyno* court, relying on *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 at 507, 67 S.Ct. 839 at 842, 91 L.Ed. 1055 also said:

> A plaintiff is generally conceded the choice of forum so long as the requirements of personal and subject matter jurisdiction, as well as venue, are satisfied. He should not be deprived of the advantages presumed to come from that choice unless the defendant clearly adduces facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.' [21]   A court must balance these private and public interest factors, '[b]ut unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' [22]

---

[21] *Koster,* 330 U.S. at 524, 67 S.Ct. at 832.
[22] *Gilbert,* 330 U.S. at 528, 67 S.Ct. at 843.

*Id.* at 159.

■   When exercising its discretion on a motion to transfer for the convenience of the parties and witnesses, the court should consider those elements which affect the private interests of the litigants which include:  the relative

ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be a question as to the enforceability of a judgment if one is obtained. The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law. *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. at 843; *Rini v. N.Y. Central R. Co.*, 429 Pa. 235, at 239, 240 A.2d 372 at 374, (1968); *Plum v. Tampax, Inc.*, 399 Pa. 553 at 560–61, 160 A.2d 549, 553 (1960).

The rule, Pa.R.C.P. 1006(d)(1), vests the trial judge with considerable discretion in determining whether or not to grant a petition for change of venue and the standard of review is one of abuse of discretion. We will only disturb the trial judge's order if we find an abuse of discretion. *Walker v. Ohio River Co.*, 416 Pa. 149, 205 A.2d 43 (1964); *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 491 A.2d 154 (1985); *Hosiery Corporation of America v. Rich*, 327 Pa. Super. 472, 476 A.2d 50 (1984); *Fox v. Pennsylvania Power and Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983); *Daugherty v. Inland Tugs Co.*, 240 Pa.Super. 527, 359 A.2d 465 (1976).

Although the standard of review is one of discretion, "if the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of discretion has been demonstrated. Discretion must be exercised within the applicable standards. The district court's wide discretion may not serve the defendants as a burden shifting

device on appeal from an order in their favor." *Reyno v. Piper Aircraft Co.*, 630 F.2d at 160 (citations omitted).

"A change of venue 'is not granted lightly or without real necessity' and the applicant bears the burden of proving that the change of venue is necessary." *Pennsylvania Power & Light v. Gulf Oil*, 270 Pa.Super. 514, 529, 411 A.2d 1203, 1211 (1979).[3]

■ In *Hosiery Corporation of America v. Rich*, 327 Pa.Super. 472, 475, 476 A.2d 50, 51, this court held that "a proper procedure under Rule 1006(d)(1) necessarily implicates the requirements for petition and answer set forth in Pa.R.C.P. Rules 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact."[4] The trial court must find that the transfer is more convenient for *both* parties to the action or for the witnesses. *Nicolosi v. Fittin*, 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in original).

■ Applying the above principles to the case *sub judice*, we are compelled to conclude that the trial court abused its discretion in transferring the action to Montgomery County.

3. Although the application for change of venue in *Pennsylvania Power & Light v. Gulf Oil* was brought pursuant to the provision of the Act of March 30, 1875, P.L. 35, §§ 1–3, as *amended*, Act of March 18, 1909, P.L. 37, § 1, 12 P.S. §§ 111–113 (1953), repealed June 27, 1980, see Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 Pa.S. § 20002(a) [657], 20004(b), more particularly, the fifth subsection of section 1 and subsections I and III of section 3, and replaced by section 5106 of the Judicial Code, No. 142, 42 Pa.C.S. § 5106, we perceive no reason to say that the law should be different in petitions for transfer under Pa.R.C.P. 1006(d)(1). Since plaintiff's choice of forum is of paramount consideration in a 1006(d)(1) petition, it is only logical that defendant carry the burden of proof. We note further, that with the repeal of the Act of March 30, 1875, the rules of procedure were amended with the addition of Rule 1006(d)(2), which provides for a change of venue "where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for the reasons stated of record." See Explanatory Comments 1982 to Pa.R.C.P. 1006.

4. The defendants/appellees improperly labeled their request for a transfer as a "motion" rather than a "petition", as called for in the rule. We shall nevertheless construe it as a petition.

In its motion for transfer, appellee/Suburban General Hospital alleged in pertinent part that: it did not do business in Philadelphia; the individual defendant physicians were located with the two defendant medical facilities which were located in Montgomery County; logic and fairness dictated that the action be transferred to Montgomery County; the trial of the case in Montgomery County would be expeditious for all parties because the Philadelphia Courts have a serious backlog of cases; it would not inconvenience the majority of physicians and other medical personnel who would be forced to travel more than twenty (20) miles to Philadelphia for each day that the present case would take to try; and finally, that if the case was tried in Philadelphia, discovery of all pertinent medical witnesses would take place in Philadelphia, further inconveniencing all witnesses.

Plaintiff/appellant, while admitting in his Answer to defendants'/appellees' transfer motion that he resided in Montgomery County and that the implant surgery was performed there, specifically denied that the defendants/appellees did not conduct business in Philadelphia. He further denied all of defendants'/appellees' allegations concerning the inconvenience of the majority of physicians and other medical personnel. He also denied that there was a serious backlog of cases in Philadelphia and offered to depose all pertinent medical witnesses at defendant/appellee Suburban General Hospital's office in Norristown, Montgomery County.

Recognizing that there existed disputed issues of material facts, the trial judge properly ordered petitioner "to take depositions on the disputed issues of fact, *forum non conveniens,....* Should petitioner fail to file such depositions, all averments of fact properly pleaded in the Answer shall be deemed admitted." [5]

**5.** The trial judge entered a similar order a month later wherein the date by which depositions were to be filed was changed from December 18, 1985 to December 9, 1985. Although of no importance for our decision, we are unable to discern from the record the reason for the change in dates.

Defendant/appellee, Suburban General Hospital, thereafter took the deposition of only one person—Carin Hunt Talone, its Director of Planning and Ambulatory Services. Her deposition, almost in its entirety, was primarily concerned with whether her employer did or did not do business in the City of Philadelphia. The important question of the convenience of the parties and witnesses in having the cause of action transferred for trial to Montgomery County was left unanswered.

We refuse to sanction the transfer of a cause of action premised on the convenience of parties and witnesses on the mere allegation, specifically denied by plaintiff/appellant, of the petitioner.

We find further instruction from the *Reyno* court:

The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied.[6]

Here, the trial judge without any discussion of such a showing and without any reference to the elements which effect the private interests of the litigants or the public interest, merely granted the transfer petition on the basis of the pleadings and the various memoranda of law in support of and opposed to the transfer.[7]

Defendants/appellees were afforded the opportunity to prove that a transfer of the cause of action from Philadel-

6. *Reyno,* 630 F.2d at 160, 161 (citations omitted).

7. The trial judge's and defendants'/appellees' reliance on *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 491 A.2d 154 (1985) is misplaced. In *Ernest* there was evidence in the record to support the trial court's transfer order. Three of the defendants and also the plaintiff's treating hospital's representative were deposed on the question of the inconvenience that would result to the parties or witnesses if the case remained in the transferor forum. We have no such evidence here.

phia County to Montgomery County would best serve the convenience of the parties and witnesses. They failed dismally. That being so, the trial judge had no reliable information to weigh the convenience of the parties and witnesses; therefore, his grant of the transfer petition was an abuse of discretion. We reverse. Jurisdiction is relinquished.