## Dallas v. Orthopedic Associates

*Yvonne G. Bach* and *Charles A. Harad,* for plaintiff.

*A. Christine Giordano* and *Kevin H. Wright,* for Orthopedic Associates and Anthony Salem, M.D.

*J. Grant McCabe,* for Theodore Skowronski, M.D.

*Frederick J. DeRosa,* for John H. Wolf Jr., M.D.

KLEIN, R.B., *J.,* April 4, 1991—Emma Dallas, a Montgomery County resident, filed a medical malpractice case against physicians who all lived and

worked in Montgomery County for treatment she received at a Montgomery County medical group office. The alleged malpractice was discovered at a Montgomery County hospital.

Plaintiff claims ties with Philadelphia because the medical group at one time had an office in Philadelphia. However, Ms. Dallas never went there and no doctor that worked at the Philadelphia location is still in the case. Plaintiff also says that after the initial discovery of the problem in Montgomery County, some of the later treating physicians are in Philadelphia.

These ties are not sufficient to withstand a forum non conveniens motion. In addition to only tangential Philadelphia contacts, the court congestion in Philadelphia is a factor that supports transfer. Because of perceived higher jury verdicts, many cases are filed in Philadelphia that belong elsewhere. In a city literally on the verge of bankruptcy, Philadelphia cannot spend thousands of dollars of taxpayers' money on cases that just do not belong here.

Plaintiff complains that a good deal has happened in the case in Philadelphia up to this point. While that is true, this case was accelerated ahead of its normal time because of an experiment in trial listings in the individual judge civil program. Rather than only listing 1986 cases, which are those major cases presently on the trial list, a few later cases were added to the lists to see what happens with earlier judicial intervention. That is no longer being done. Therefore, this case is a year ahead of where it would be if it came up in the normal course. It probably can be heard in Montgomery County as soon as most other March 1987 cases are heard in Philadelphia.

Although plaintiff may complain about delay in trial if the case is transferred to a more appropriate

venue, it was plaintiff's counsel that picked the inappropriate venue in the first place. It is the obligation of counsel to advise clients of the risks and benefits of a forum choice. Plaintiff's counsel decided to take a chance on what was perceived to be a more favorable venue, although that venue had only tangential contacts with the case. The court system and taxpayers of Philadelphia are not the ones who should bear any consequences of this misjudgment.

## OPINION

Emma Dallas filed a medical malpractice suit claiming that she suffered serious bone and arthritic problems because of the steroid treatment necessitated by the failure of her physicians to diagnose Cushing's disease. Cushing's disease is a disorder caused by the oversecretion of steroid hormones by the adrenal glands.

Mrs. Dallas lives in Hatboro, Montgomery County. Theodore Skowronski, M.D., who was her prime treating physician, lives and works in Montgomery County. The medical office where Mrs. Dallas received treatment, that of the medical group Orthopedic Associates, is located in Huntingdon Valley, Montgomery County. At one time, Orthopedic Associates had an office in Philadelphia, but Mrs. Dallas never went there and the only doctor in the case that worked there has been dismissed as a defendant. The original diagnosis of Cushing's disease was made in a Montgomery County hospital. However, plaintiff intends to use doctors that either live or work in Philadelphia during trial, who either treated plaintiff after the alleged medical malpractice, or were experts obtained by plaintiff's counsel in anticipation of litigation.

Defendants, Orthopedic Associates and Anthony W. Salem, M.D.; Gary W. Muller, M.D.; Theodore Skowronski, M.D.; and John Wolf, M.D. bring their motion for change of venue pursuant to Pennsylvania Rule of Civil Procedure 1006(d) and common-law doctrine of forum non conveniens. Pennsylvania Rule of Civil Procedure 1006(d)(1) states:

"That for the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

This rule, Pa.R.C.P. 1006(d)(1), gives the trial judge considerable discretion in determining whether or not to grant a petition for change in venue and the standard of review is one of abuse of discretion. *Ernest v. Fox Pool Corp.*, 341 Pa. Super. 71, 491 A.2d 154 (1984).

The court in *Fox* held that a court is not required to accept and rely exclusively upon the plaintiff's choice of a forum in preference to another forum found by the court to be more convenient to the parties and the witnesses and which maintained more direct contacts with the litigation. *Id.*

In *Fox,* the plaintiffs brought a negligence action against private owners of a swimming pool and manufacturer for injuries sustained in a pool accident and against a hospital and a physician for medical malpractice in treating the plaintiff's injuries. By a multi-count complaint filed in Dauphin County, plaintiff alleged that the Fox Pool Corporation had defectively designed the pool, that the private owners of the pool and National Spa and Pool Institute, an association of swimming pool manufacturers, had been guilty of negligence, and that the doctor had been guilty of medical malpractice in treating the plaintiff's injuries. *Id.* The de-

fense filed a petition to transfer venue from Dauphin County to Northumberland County, and plaintiff appealed. *Id.* After reviewing the record, the Superior Court held that the lower court had not abused its discretion in transferring the case from Dauphin County to Northumberland County. It was in Northumberland County that the plaintiff resided; it was there that their accident occurred. It was also in Northumberland County that the pool was located, where its owner resided, and where eyewitnesses to the accident resided. The physician who treated the plaintiff and who was later sued for medical malpractice was a Northumberland County physician. Conversely, Dauphin County had no connection with the litigation except the one defendant had an office there and several defendants included Dauphin County in the wider area in which they did business.

In a recent case *Petty v. Suburban General Hospital,* 363 Pa. Super. 277, 525 A.2d 1230 (1987), the court has set forth two factors that must be established in order for a defendant to succeed in the transfer of venue. The court said that the plaintiff "should not be deprived of the advantages presumed to come from [the choice of forum] unless the defendant clearly adduces facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience or (2) make trial in a chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.' " *Id.*

The plaintiff in *Petty* brought an action against the hospital and various physicians arising out of patient's alleged uninformed consent to implant surgery. Defendants made a motion to transfer venue

which was granted and plaintiffs appealed from the order transferring venue.

The *Petty* court listed the "private" elements that must be taken into consideration when a judge exercises his or her discretion to change venue, including ability to subpoena witnesses, access to sources of proof, and costs of obtaining witnesses, and other factors that make the trial of a case easy, expeditious and inexpensive. *Id.*

The court also set forth the "public" elements which must be considered. The factors in which the public has an interest include "problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation. . ." *Id.*

Although the *Petty* court reversed and remanded the transfer of venue, this was based on a lack of consideration of the question of convenience of the parties and witnesses. In *Petty,* there was a disputed fact as to whether the defendants did business in Philadelphia. Those issues are not present in this circumstance.

In the instant case, the court considered the convenience of both the parties and the witnesses. Unlike *Petty,* none of the remaining defendants have any contacts with Philadelphia. None of the alleged negligent acts occurred in Philadelphia County. None of the fact witnesses expected to be called at trial live in Philadelphia County. The facts that give rise to this cause of action revolve around the alleged negligent conduct of doctors located in Montgomery County who treated plaintiff in Montgomery County. All of the records, from the hospital where the alleged negligent actions took place and doctors who allegedly participated in the treatment of plaintiff as well as all pertinent medical information and records where the condition was initially

diagnosed, are located in Montgomery County. None of the parties, including plaintiff, have any contact with Philadelphia County, except for the fact that one of the doctors was able to be served at a Philadelphia office. However, plaintiff was never treated in that office and any allegations that give rise to plaintiff's complaint do not involve that office. Today, that office is no longer in existence.

Perhaps the most compelling factor at this point in time is the public interests that have to be considered when a case is transferred for having insufficient contacts with a jurisdiction. If we were to allow these type of actions to be brought in Philadelphia's already congested courts instead of being handled where they originated, it will compound an already overwhelmed legal system. Also, jury duty is a burden that ought not be imposed on people of a community which has no relationship to the litigation. *Walker v. Ohio River Company* and *Wilson v. Ohio River Company,* 416 Pa. 149, 205 A.2d 43 (1964). It is impossible to ignore the overwhelming burden that presently exists in the Philadelphia Court of Common Pleas with approximately 45,000 civil cases pending. *Boyle v. Chester County Mutual Insurance Co.,* 21 Phila. Rep. 1 (1990). Although the transfer of this case alone will not solve the huge backlog that presently exists in the Philadelphia Court of Common Pleas, it is a step in the right direction that must be taken.

Plaintiff asserts that her expert doctors and subsequent treating physicians live or work in Philadelphia. However, all of these doctors had contact with plaintiff subsequent to the alleged negligence of the defendants. In addition, many of the expert doctors were obtained in anticipation of litigation. Plaintiff also contends that plaintiff's case would be better served in Philadelphia because it would be more

convenient for out-of-town witnesses than Montgomery County. If we were to allow these factors alone to determine the proper venue, lawyers could always select out-of-town experts and then most of the cases would be tried in cities with the biggest hospitals and most convenient airports.

As pointed out originally by Mr. Justice Jackson in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), and cited by the Pennsylvania courts:*

"Factors of public interest also have place in applying the doctrine of forum non conveniens. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . ."

After a close examination of the record in this case, it becomes abundantly clear that the Philadelphia Court of Common Pleas had no connection with this litigation except that one defendant was able to be served in Philadelphia County. However, defendants' principal places of business were not in Philadelphia County but in Montgomery County.

For all of the foregoing reasons, the motion of defendants, Orthopedic Associates and Drs. Anthony Salem, M.D.; Gary Muller, M.D.; Theodore Skowronski, M.D.; and John Wolf, M.D., for change of venue to Montgomery County was properly granted.

---

* *Plum v. Tampax Inc.,* 399 Pa. 553, 160 A.2d 549 (1960); *Rini v. New York Central Railroad Company,* 429 Pa. 235, 240 A.2d 372 (1968); *Norman v. Norfolk and Western Railway Company,* 228 Pa. Super. 319, 323 A.2d 850 (1974); *Koenig v. International Brotherhood of Boilermakers,* 284 Pa. Super. 558, 426 A.2d 635 (1980).