# Hartman v. Corporate Jet Inc.

*Arthur A. Wolk,* for plaintiffs.
*Ann T. Field,* for defendant.

QUIÑONES ALEJANDRO, *J.,* February 27, 2001—

## INTRODUCTION

David and Sharon Hartman, plaintiffs, filed this instant appeal contending that this motion judge erred in granting the petition to transfer venue based on the doctrine of forum non conveniens, filed by Corporate Jet Inc., defendant. This motion judge disagrees.

## RELEVANT FACTUAL AND PROCEDURAL HISTORIES

Plaintiffs are husband and wife and reside in Ann Arbor, Michigan. Plaintiff David Hartman is a flight surgeon specializing in emergency medicine.

Defendant Corporate Jet Inc. is a Pennsylvania corporation that operates medevac flights throughout the northeast and has its principal offices in Pittsburgh, Allegheny County, Pennsylvania.

On February 12, 1999, plaintiff David Hartman was seriously injured when the medevac Aerospatiale Model 355 helicopter flight that he was assigned to, which originated from St. Vincent Hospital in Toledo, Ohio, crashed

in Ohio. Plaintiffs essentially allege that the unskilled and uncertified (in instrument flight conditions) pilot carelessly, recklessly, and negligently entered into instrument meteorological conditions (IMC) weather and without visual contact with the ground, descended the helicopter, and struck a house. The helicopter was operated by an employee/agent of defendant.

On July 14, 2000, plaintiffs filed, in Philadelphia County, the instant civil action against defendant to recover damages for personal injuries plaintiff David Hartman sustained in the helicopter crash. On August 25, 2000, defendant filed its answer to plaintiffs' complaint.

On September 26, 2000, defendant filed a petition to transfer venue from Philadelphia County to Allegheny County based on the doctrine of forum non conveniens, pursuant to the provisions of Pennsylvania Rules of Civil Procedure 1006(d)(1). On October 26, 2000, plaintiffs filed a response to defendant's petition to transfer venue and on November 3, 2000, defendant filed a reply to plaintiffs' response. Subsequently, these pleadings were assigned to the undersigned motion judge. By order dated November 3, 2000, this motion judge granted defendant's petition and transferred the case to Allegheny County.

Dissatisfied with this order, on December 1, 2000, plaintiffs filed this timely appeal.

## ISSUE

In response to an order issued in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), plaintiffs,

on December 22, 2000, filed of record a statement of matters complained of on appeal and essentially argued that this motion judge erred in transferring the action from Philadelphia County to Allegheny County where the moving party failed to sustain its burden of showing that the chosen forum was vexatious or oppressive.

## LAW AND DISCUSSION

Undisputedly, a trial/motion judge has great discretion in reviewing a petition to change venue based upon the doctrine of forum non conveniens. *Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1, 3 (Pa. Super. 2000); *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). Absent a showing of an abuse of discretion, a court's decision to transfer venue will not be reversed. *McCrory v. Abraham,* 441 Pa. Super. 258, 657 A.2d 499 (1995). To show an abuse of discretion, an appellant must show that in reaching a conclusion, the law was overridden or misapplied, or that the judgement exercised is manifestly unreasonable, or the result of bias, prejudice, or ill will. *Johnson, supra.* Also, an abuse of discretion occurs, "if the trial court has not held the defendant to the proper burden[.]" *Id.* at 239 (quoting *Petty v. Suburban General Hospital,* 363 Pa. Super. 277, 282, 525 A.2d 1230, 1232-33 (1987)).

This motion judge recognizes that a plaintiff's choice of forum is entitled to weighty consideration and deference, however, the right of a plaintiff to choose a forum is not absolute. See *Okkerse v. Howe,* 521 Pa. 509, 517-18, 556 A.2d 827, 832 (1989). This is evident by Pa.R.C.P. 1006(d)(1) which permits a defendant to file a petition

for a change of venue for the convenience of the parties and witnesses although the original venue chosen by the plaintiff is proper. Specifically, the rule provides: "[f]or the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). See also, *Johnson,* 707 A.2d at 238.

It is also well established that a plaintiff's choice of forum is accorded less deference when the plaintiff does not live in the forum district and none of the operative events occurred there. *Watt v. Consolidated Rail Corp.,* no. civ. a., 1997 WL 288607, *2 (E.D. Pa. May 21, 1997). The doctrine of forum non conveniens is employed as "a necessary counterbalance to insure fairness and practicality." *Okkerse,* 521 Pa. at 518, 556 A.2d at 832.

In *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 213, 701 A.2d 156, 162 (1997), the Pennsylvania Supreme Court clarified the appropriate standard when considering a petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1): "a petition to transfer venue should not be granted unless [a] defendant meets [the] burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman,* 549 Pa. at 213, 701 A.2d at 162.

This burden may be met by showing, with facts on the record that: "the plaintiff's choice of forum was designed to harass the defendant even at some inconvenience to the plaintiff himself. . . . Alternatively, [a] defendant may . . . [establish] on the record that trial in the chosen fo-

rum is oppressive . . . ; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. [However,] the defendant must show more than that the chosen forum is merely inconvenient to [the defendant]." *Cheeseman,* 549 Pa. at 213, 701 A.2d at 162. (citation omitted)

Instantly, when deciding defendant's petition to transfer venue, this motion judge carefully reviewed the complaint, answer and new matter, the petition to transfer venue with its attached exhibits, the response to the petition, and the reply to the response. In this motion judge's opinion, the evidence of record supports a finding that a trial in plaintiffs' chosen forum, Philadelphia County, would be oppressive and/or vexatious to the defendant, and that a trial in Allegheny County would be more convenient to *all* parties and the majority of the witnesses. The uncontested evidence considered by this motion judge, most of which has been stated, is the following:

"Plaintiffs are residents of Ann Arbor, Michigan.[1]

"Defendant is a Pennsylvania corporation with its principal place of business in Pittsburgh, Allegheny County, Pennsylvania. Defendant provides medevac helicopter services throughout the northeast.

"According to the complaint, on February 12, 1999, plaintiff David Hartman, an emergency room physician, was on board defendant's medevac helicopter flight origi-

---

1. While this motion judge is aware that plaintiffs' residency is irrelevant in determining whether the chosen form is vexatious or oppressive to a defendant, their residency is only noted as a fact of record.

nating in Toledo, Ohio, when it crashed in Ohio. Plaintiff suffered a broken hip and pelvis which required six months of rehabilitation.

"All essential eyewitnesses to the helicopter crash, the helicopter staff, airport personnel, and physicians, nurses, and other medical personnel who provided emergency and medical treatment to plaintiff on February 12, 1999, and subsequently, either work and/or reside in Ohio, or Allegheny County, Pennsylvania, or Michigan.

"The affidavit of John B. Heffernan, director of safety for defendant, avers that the relevant records and evidence concerning said helicopter crash are in Pittsburgh, Allegheny County, Pennsylvania and/or Ohio.

"Plaintiff David Hartman's treating physicians and medical records are in Michigan.

"Venue in Philadelphia County was established by the fact that defendant admits that it has conducted business (unrelated to the instant action) in Philadelphia County.

"Lastly, this motion court took judicial notice of the considerable travel time and distance that a trial in Philadelphia County would require of the parties and witnesses. It is approximately 304 miles each way between Pittsburgh and Philadelphia, and thus, daily driving to Philadelphia would be difficult and air travel would be expensive. Plaintiffs reside in Ann Arbor, Michigan, which is more than 600 miles from Philadelphia County. Other individuals and witnesses having knowledge of the helicopter crash in question reside in Ohio which is more than 530 miles from Philadelphia. If a trial was held in Philadelphia County, *all* parties and witnesses

would expend significant amounts of money either for travel and/or lodging and meals."

Based on these facts and the holdings in *Dulaney v. Consolidated Rail Corporation,* 715 A.2d 1217 (Pa. Super. 1998) and *Cheeseman, supra,* this motion judge opined that a trial in Philadelphia County would be oppressive and vexatious to the parties, and therefore, transferred this case to Allegheny County. While venue is proper in Philadelphia County, when confronted with this petition to transfer venue, however, and based on the evidence of record, venue based solely on the fact that defendant has conducted unrelated business transactions in Philadelphia County, without more, does not amount to a convenient forum for the parties. It is undisputed that the helicopter crash occurred in Ohio and that all potential witnesses involved in the helicopter crash reside and/or are employed and/or located outside Philadelphia County. It is noted, however, that plaintiffs' expert is from Philadelphia County. However, no medical care or assistance was provided to plaintiff, a resident of Michigan, in Philadelphia County. Further, if a view of the crash site and/or helicopter was needed, travel to either Ohio or Pittsburgh, Pennsylvania (Allegheny County), would have to occur.[2] Thus, this motion judge opines that venue in Philadelphia County, while proper, constitutes a harassment to defendant and its witnesses, and is also onerous and an unnecessary hardship to the parties, particularly the defendant, and to the witnesses. In light of the evidence and testimony needed, trial in

---

2. It is assumed that the wreckage of the helicopter is not located in Philadelphia County.

Allegheny County is more convenient than it would be in Philadelphia County. Clearly, the evidence of record supports this motion judge's findings, more so, when there is absolutely no nexus between the alleged accident/claim and Philadelphia County.

In summary, the above-cited factors strongly outweigh plaintiffs' choice of forum. Therefore, this motion judge believes no error occurred when the petition to transfer venue was granted.

## CONCLUSION

Based on these reasons, this motion judge opines that no errors were committed in granting defendant's petition to transfer venue. Consequently, this motion judge respectfully recommends that plaintiffs' appeal be dismissed and that the order, which transferred venue to Allegheny County, be affirmed.