**Miller v. Sommer Maid Creamery**

*Peter N. Munsing,* for plaintiff.

*Charles J. Daley,* for defendants.

QUIÑONES ALEJANDRO, *J.,* May 31, 2002—

## INTRODUCTION

Angela Miller (plaintiff) argues on appeal that the petition to transfer venue of this matter from Philadelphia County to Northumberland County on the basis of forum non conveniens, filed by Sommer Maid Creamery, John A. Reahm, and Frank Sexton Enterprises Inc. (defendants), was erroneously granted. This motion judge disagrees.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Briefly, the relevant facts of this case, as defined by the pleadings, exhibits, and memoranda submitted in support of the parties' respective pleadings, are as follows:

"Plaintiff is an adult individual who resides at 816 N. Washington Street, Shamokin, Northumberland County, Pennsylvania.

"John Allan Reahm (defendant Reahm) is an adult individual with an address at 6406 Ferry Road, Doylestown, Bucks County, Pennsylvania.

"Frank Sexton Enterprises Inc. (defendant Sexton) is a business entity organized under the laws of the Commonwealth of Pennsylvania, with an office on Routes 313 and 611, Swamp Road, Doylestown, Bucks County, Pennsylvania.

"Sommer Maid Creamery (defendant Sommer Maid) is a business entity organized out of defendant Sexton with an office also on Routes 313 and 611, Swamp Road, Doylestown, Bucks County, Pennsylvania.

"At the time of the accident, defendants Sexton and Sommer Maid were the leasees of a 1994 freightliner which was operated by defendant Reahm.

"On October 23, 1998, at approximately 3:30 p.m., plaintiff was operating a vehicle on State Road 304 in Union Township, Union County, Pennsylvania, when defendant Reahm allegedly drove onto the path of and collided with plaintiff's vehicle, causing plaintiff to sustain serious personal injuries."

Procedurally, the record indicates that:

"On February 14, 2001, plaintiff filed a writ of summons in the Philadelphia County Court of Common Pleas against defendants. On June 4, 2001, plaintiff filed a personal injury action against defendants. Pursuant to a stipulation entered into by the parties, plaintiff on June 25, 2001, filed an amended complaint.

"On August 13, 2001, defendants filed an answer to the amended complaint with new matter. On August 24, 2001, plaintiff filed a reply to defendants' new matter.

"On January 14, 2002, defendants Sommer Maid and Reahm filed a petition to transfer venue on the grounds of forum non conveniens, to which plaintiff on February 8, 2002, filed a response. On February 19, 2002, these pleadings were assigned to this motion judge. By order dated March 1, 2002, this undersigned motion judge granted defendants' petition and ordered the matter transferred to Northumberland County. On March 19, 2002,

a praecipe to transfer this matter out of Philadelphia County was filed.

"Dissatisfied, plaintiff on March 25, 2002, filed a timely appeal to the Superior Court."

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiff on April 8, 2002, filed of record a statement of matters complained of on appeal and argued that this motion judge erroneously granted defendants' petition to transfer venue, in that:

"(1) Defendants' motion to transfer was unaccompanied by any affidavit or proof showing that transfer was necessary because a witness or witnesses were in fact unwilling or unable to travel and, thus, the defendants failed to meet their burden of proof;

"(2) Defendants failed to clearly adduce facts that established oppressiveness and vexation as to be in proportion to plaintiff's convenience;

"(3) There was no detailed information on the record suggesting that plaintiff's choice of forum was intended to harass defendant;

"(4) There was no showing that plaintiff's chosen venue placed an unreasonable burden on defendants;

"(5) Defendants failed to make the showing required by Pennsylvania law; and

"(6) The balancing test remained in favor of the plaintiff, and as there was no concrete factual showing that defendants were oppressed or otherwise unfairly burdened by plaintiff's choice of forum, defendants' motion should have been denied."

## LAW AND DISCUSSION

Undisputedly, a trial/motion judge has great discretion in reviewing petitions to change venue based upon the doctrine of forum non conveniens. *Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1, 3 (Pa. Super. 2000), *appeal denied,* 564 Pa. 722, 766 A.2d 1249 (2001); *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). Absent a showing of an abuse of discretion, a court's decision to transfer venue will not be reversed. *Hoose, supra.* An abuse of discretion occurs when the judge misapplies the law or exercises his/her judgment in a manner that is manifestly unreasonable, or displays partiality, bias, prejudice, or ill will. *Johnson, supra.* When a "trial court has not held the defendant to the proper burden[,] . . . the equivalent of an abuse of discretion has been demonstrated." *Id.* at 239 (quoting *Petty v. Suburban General Hospital,* 363 Pa. Super. 277, 282, 525 A.2d 1230, 1232-33 (1987)).

Although a plaintiff's choice of forum is entitled to weighty consideration and deference, the right of a plaintiff to choose a forum is not absolute. See *Okkerse v. Howe,* 521 Pa. 509, 517-18, 556 A.2d 827, 832 (1989). In addition, Pa.R.C.P. 1006(d)(1) permits a defendant to file a petition for a change of venue for the convenience *of the parties and witnesses* even though the original venue chosen by the plaintiff is proper. Specifically, the rule provides:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). See also, *Johnson, supra* at 238.

The doctrine of forum non conveniens is employed as "a necessary counterbalance to insure fairness and practicality." *Okkerse, supra* at 518, 556 A.2d at 832. In *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 213, 701 A.2d 156, 162 (1997), the Pennsylvania Supreme Court clarified the applicable standard when considering a petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1) as follows:

"[A] petition to transfer venue should not be granted unless [a] defendant meets [the] burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman, supra* at 213, 701 A.2d at 162; see also, *Johns v. First Union Corporation,* 777 A.2d 489, 491 (Pa. Super. 2001).

This burden may be met by showing, with facts on the record, that a plaintiff's choice of forum was designed to harass a defendant, even at some inconvenience to the plaintiff. *Cheeseman, supra.* A defendant may also establish on the record that a trial in the chosen forum is oppressive and that, for instance, a trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. *Id.* However, the defendant must show more than that the chosen forum is merely inconvenient. *Id.;* see also, *Kyra v. EPMG of Pennsylvania P.C.,* 2001 WL 1704167 (Pa. Super.), *affirmed,* 792 A.2d 624 (Pa. Super. 2001); *Dulaney v. Consolidated Rail Corporation,* 715 A.2d 1217, 1219 (Pa. Super. 1998).

Here, when determining defendants' *petition to transfer,* this motion judge carefully considered the pleadings of record. From these pleadings, it is undisputed that

plaintiff resides in Northumberland County, (which this motion judge takes judicial notice is approximately 125-160 miles from Philadelphia County, and the equivalent of a two- to three-hour drive under optimum conditions). It is also unchallenged that the cause of action (motor vehicle accident) occurred in Union County, Pennsylvania. Although defendant Sommer Maid admits to conducting business in Philadelphia County, the record notes its principle place of business is in Bucks County, Pennsylvania, as is defendant Sexton's principle place of business and defendant Reahm's residence. It also appears from the record that the occupants of plaintiff's vehicle, Alicia Lutz and Adena Lutz, live in Northumberland County, Pennsylvania, and Phillip Miller and Greg Miller live in Union County, Pennsylvania (also approximately 125-160 miles from Philadelphia County). In addition, the two independent eye witnesses to the accident, Jamie Spangler and Travis Wooding, also live in Union County, Pennsylvania. Further, in plaintiff's answers to interrogatories, plaintiff identifies various medical providers, including: Dr. Raymond M. Crane and Dr. Ralph Cinflone located in Northumberland County; Dr. Ira B. Ginsemer and Dr. Timothy Atkinson located in Montour County; and Dr. David C. Cottrell, located in Snyder County. Clearly, none of these potential medical providers are in Philadelphia County and are located a significant distance from Philadelphia County. Finally, because the motor vehicle accident occurred in Union County, potential witnesses also involve the emergency medical service personnel and the Pennsylvania State Police who investigated the accident in Union County. If trial were held in Philadelphia County, these particular governmental witnesses

would be forced either to travel a distance of 125-163 miles, during rush hour, twice a day on the Pennsylvania Turnpike and/or Schuykill Expressway, or expend a significant amount of money for travel, food and lodging.

In this motion judge's opinion, the record clearly supports a finding that trial in Philadelphia County is oppressive and vexatious to the parties and witnesses. Plaintiff rebuts this opinion by arguing that the parties' attorneys are in Philadelphia County and, therefore, trial in Philadelphia County would not be oppressive. They further contend that certain witnesses, such as the medical providers could be videotaped and, therefore, not have to commute to Philadelphia County. They also argue that some of the witnesses may even want to come to Philadelphia County for this trial, suggesting that the city's many attractions welcomes and encourages such a visit. While this motion judge believes in promoting the history, economy, and beauty of Philadelphia County, these are not the legal criteria for the petition before the court. As stressed, Rule 1006(d) provides for the transferring of a civil action when the *convenience of the parties and witnesses* is questioned. This is the case, and in light of the facts of record, this motion judge opines that Northumberland County is the most convenient forum. Specifically, a trial in Northumberland County Courthouse, located in Sunbury, Pennsylvania, would require that plaintiff travel approximately 13 miles; Drs. Ginsemer and Atkinson to travel 11 miles; Dr. Crane to travel two miles; Dr. Cottrell to travel five miles; eye witness Jamie Spangler to travel 10 miles; and eye witness Travis Wooding to travel approximately 19 miles. While it is true that counsel for the parties would have the inconvenience of travel and their respective parties'

possible obligation to reimburse their expenses, on a balance of counsel's inconveniences (which is not a consideration of what the rule contemplated but is an argument raised), the scales tip in favor of granting the transfer.

Lastly, this motion judge acknowledges that no affidavit from any potential witness was submitted attesting that (s)he would suffer a hardship if the trial remained in Philadelphia County. See *Hoose, supra.* Notwithstanding the lack of an affidavit, this motion judge opines that its absence is not critical nor tantamount to error. The case law only requires that *the facts of record* establish that plaintiff's choice of forum be either vexatious, oppressive, or designed to harass the defendant. Clearly, the undisputed facts cited support this motion judge's opinion.

Based on these facts, this motion judge is of the opinion that defendants have met their burden in showing that plaintiff's choice of forum is, *in fact,* inconvenient and oppressive to all parties, in particular, to the disinterested but essential witnesses. Plaintiff's chosen forum hinders access to witnesses, even those whom plaintiff, herself, has identified, as well as to the accident site, if a viewing were necessary.

## CONCLUSION

Based on the foregoing discussion, this motion judge is of the opinion that no error was committed in granting defendants' petition to transfer this matter from Philadelphia County to Northumberland County, Pennsylvania. This motion judge respectfully requests that plaintiff's appeal be dismissed and that the order of March 1, 2002, be affirmed.