J-A26012-23

2024 PA Super 17

| ELAINE JAMES | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAL-MART DISTRIBUTION CENTER, | : | |
| BETHLEHEM COMMERCE CENTER, | : | |
| LLC, WALMART, INC.,  WAL-MART | : | No. 856 EDA 2023 |
| STORES EAST, L.P., JOHN CECCATO | : | |
| AND JOHN DOE  ELAINE JAMES | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALMART, INC., WAL-MART STORES | : | |
| EAST, L.P.,  JOHN CECCATO, ABM | : | |
| INDUSTRY GROUPS, LLC, | : | |
| WALMART.COM USA, LLC, JOHN DOE | : | |
| AND JANE DOE | : | |
| | : | |
| | : | |
| APPEAL OF: ELAINE JAMES | : | |

Appeal from the Order Entered March 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220602184,
220901304

| ELAINE JAMES | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAL-MART DISTRIBUTION CENTER, | : | |
| BETHLEHEM COMMERCE CENTER, | : | |
| LLC, WALMART, INC.,  WAL-MART | : | No. 857 EDA 2023 |
| STORES EAST, L.P., JOHN CECCATO | : | |
| AND JOHN DOE  ELAINE JAMES | : | |
| | : | |

J-A26012-23

|                                    | :  |
|------------------------------------|----|
|              v.                    | :  |
|                                    | :  |
|                                    | :  |
| WALMART, INC., WAL-MART STORES     | :  |
| EAST, L.P.,  JOHN CECCATO, ABM     | :  |
| INDUSTRY GROUPS, LLC,              | :  |
| WALMART.COM USA, LLC, JOHN DOE     | :  |
| AND JANE DOE                       | :  |
|                                    | :  |
|                                    | :  |
| APPEAL OF: ELAINE JAMES            | :  |

Appeal from the Order Entered March 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220602184,
220901304

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

OPINION BY DUBOW, J.:                               **FILED FEBRUARY 2, 2024**

Appellant Elaine James ("Ms. James") seeks review of the order transferring venue of this slip-and-fall case from Philadelphia County to Lehigh County based on *forum non conveniens*, as provided in Pa.R.Civ.P. 1006(d). After careful review, we are constrained to reverse.

On September 17, 2020, Ms. James, while working for a contractor at the Walmart Distribution Center, slipped and fell on a slippery substance. As a result, she sustained injuries to her back and neck that required surgery and extensive medical care. The accident occurred in Bethlehem and she received her medical care in Lehigh County.

- 2 -

On June 23, 2022, and September 15, 2022, Ms. James filed negligence actions in the Philadelphia Court of Common Pleas[1] against Appellees Walmart, Inc., Walmart Stores East, Walmart.com USA, the Walmart Distribution Center (collectively, "Walmart") and Mr. John Ceccatto, the Walmart area manager for the warehouse in Bethlehem.[2]

The defendants filed Answers. In particular, Appellees Walmart and Ceccato alleged in their Answer and New Matter/Affirmative Defenses that they "had no notice of the condition which allegedly caused plaintiff's damages" and that the "damages claimed were caused by the acts and/or omission of third parties over which [Walmart] and [Appellee] Ceccato exercised no control."

On November 21, 2022, Appellees filed a Motion to Transfer Venue based on *forum non conveniens*, arguing, *inter alia*, that Ms. James' choice of forum in Philadelphia was oppressive because the case had no connection to Philadelphia County and litigating in Philadelphia would create a hardship for Mr. Ceccato and others.

_____

[1] The trial court granted Appellant's Motion to Consolidate her two actions on October 20, 2022.

[2] Appellant also filed suit against the following defendants: ABM, a company with which the Walmart Distribution Center contracts for its cleaning services; the Bethlehem Commerce Center, LLC; John Doe; and Jane Doe. These parties did not file a Motion for Change of Venue based on *Forum Non Conveniens* with the trial court, although ABM filed a brief in support of the Motion filed by Walmart and Mr. Ceccato. The non-filing parties are not participating in this appeal.

Appellees annexed to their motion the affidavits of Appellee Ceccato and David Sampson, the corporate representative of Walmart. The affidavits asserted that the four-hour round-trip commute to Philadelphia from their homes in Northampton County "is oppressive because it will severely affect my personal life and my ability to perform my job." **See** Ceccato Aff., ¶¶ 4, 9; Sampson Aff., ¶¶4, 9. Most notably, the affidavits did not identify Appellees' defense and the evidence that these two witnesses would provide that was key to its defense.

The parties engaged in discovery that focused on the venue issue. Messrs. Ceccato and Sampson provided deposition testimony.

Following the depositions, Ms. James filed a supplemental brief, to which she annexed the transcripts from the depositions of Messrs. Ceccato and Sampson.

The court held a hearing and on February 27, 2023, entered an order granting the motion based on *forum non conveniens* and transferred the case to Lehigh County.

Ms. James timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion.

Ms. James raises the following issues for our review:

> 1. Whether the lower court committed error of law and abuse of discretion when it granted Appellee's Motion to Transfer from Philadelphia to Lehigh County for *Forum Non Conveniens* using the incorrect legal standards?

2. Whether the lower court committed error of law and abuse of discretion in reaching a manifestly unreasonable outcome in granting Appellee's Motion to Transfer for *Forum Non Conveniens*, where the two subject witnesses would experience, at most, inconvenience, if trial were to be held in Philadelphia County requiring them to slightly adjust their schedules and travel 64 miles each way?

Appellant's Br. at 4.

## A.

In her interrelated issues, which we address together, Ms. James argues that Appellees failed to meet their "heavy burden to show that Philadelphia is an oppressive or vexatious forum" and that the trial court, in transferring the case based on *forum non conveniens*, misapplied the holdings in **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156 (Pa. 1997), and **Bratic v. Rubendall**, 99 A.3d 1 (Pa. 2014). Appellant's Br. at 13-14.

We review a trial court's decision granting a motion for a change of venue based on *forum non conveniens* for an abuse of discretion. **Walls v. Phoenix Ins. Co.**, 979 A.2d 847, 850 n.3 (Pa. Super. 2009). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." **Ritchey v. Rutter's Inc.**, 286 A.3d 248, 254 (Pa. Super. 2022) (citation omitted), *reargument denied* (Dec. 30, 2022). Notably, "the trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion." **Catagnus v. Allstate Ins. Co.**, 864 A.2d 1259, 1264 (Pa. Super. 2004). Along the same lines, the trial court, in considering a

- 5 -

motion based on *forum non conveniens*, shall give the plaintiff's choice of forum great weight and deference. ***Powers v. Verizon Pa., LLC***, 230 A.3d 492, 496 (Pa. Super. 2020).

Pa.R.Civ.P. 1006(d)(1) authorizes the trial court to decide a motion to transfer venue based on *forum non conveniens* and provides that "for the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."  Courts have interpreted and applied Rule 1006(d)(1) to require, as a threshold matter, that the defendant identify its defense and provide a general statement that identifies the witnesses who will be inconvenienced by traveling for trial to the plaintiff's chosen forum and the relevancy of those witnesses' testimony to the defendant's defense.  ***Tranter v. Z&D Tour, Inc.***, 303 A.3d 1070, 1075 (Pa. Super. 2023).

This Court applied this principle in ***Petty v. Suburban Gen. Hosp.***, 525 A.2d 1230 (Pa. Super. 1987), where the plaintiff filed a malpractice complaint in Philadelphia County.  The defendant filed a motion to transfer venue based solely on *forum non conveniens,* alleging that since the hospital was located in Montgomery Court and the doctors worked there, the trial court should transfer the case to Montgomery County.  The only evidence that the defendant provided to support its motion, however, was deposition testimony from one witness that merely addressed the defendant's business contacts with Montgomery County.  The defendants did not present any evidence

identifying the allegedly inconvenienced witnesses and summarizing their testimony. The trial court granted the motion and transferred the case to Montgomery County.

This Court reversed, finding that mere allegations of party and witness inconvenience are insufficient to support the transfer of venue. *Id.* at 1234. Rather, the defendant must identify the allegedly inconvenienced witnesses as key to its defense and provide a general statement of their testimony:

> The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. **If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be[,] the application for transfer will be denied.[1]**

*Id.* (quoting from **Reyno v. Piper Aircraft Co.**, 630 F.2d 149, 160-61 (3rd Cir. 1980) (emphasis added). **See also Bochetto v. Dimeling, Schreiber & Park**, 151 A.3d 1072, 1085-86 (Pa. Super. 2016) (requiring detailed evidence of the relevance of identified witness testimony to the defense in order to transfer venue based on *forum non conveniens* claim); **Ehmer v. Maxim Crane Works, L.P.**, 296 A.3d 1202, 1208 (Pa. Super. 2023) ("Only after the defendant has placed detailed information on the record establishing that the witness possesses information relevant to its defense should the trial court proceed to consider the alleged hardship posed to the witness.")

In this case, after noting that the incident and Ms. James' medical treatment occurred in Lehigh County, the trial court found that "the defense credibly argued and presented supporting facts through affidavit and deposition that the hardship to Defendant Ceccato's family and work life was 'no mere inconvenience.'" Trial Ct. Op., 6/22/23, at 2 n.3, and 4. The trial court, however, made its hardship analysis without even knowing Appellees' defense and whether Mr. Ceccato and Mr. Sampson would testify at trial. The record reflects that Appellees failed to provide a general statement identifying their defense and thus, establishing that either witness "possesses testimony that is relevant and necessary to the defense." *Trantor*, 303 A.3d at 1075 (citation omitted). Without any information about the witness' testimony, the trial court cannot weigh the hardship factors and find that the defendant met its burden of establishing a hardship. *Id.*

We note that, although Appellees allege in their Answer and Affirmative Defenses that someone else caused the spill and that they lacked notice of the spill, these are mere allegations, and the affidavits and depositions do not address the manner in which the testimony of these witnesses supports the defense. Rather, Appellees' affidavits merely address the hardship that they would allegedly suffer if they had to travel to testify in Philadelphia. Without information about the importance of the trial testimony of Mr. Sampson and Mr. Ceccato to Appellees' defense, the trial court erred in assuming that they

were key witnesses and evaluating the hardship that they would suffer if they had to testify in Philadelphia.[3]

Since the record does not indicate that Appellees satisfied the requirement that they identify their defenses and the witnesses who support the defenses, the trial court abused its discretion in failing to hold Appellees "to the proper burden." *Catagnus*, 864 A.2d at 1264. Consequently, the court erred in overriding the deference which it was obligated to provide to Ms. James's choice of forum. *Cheeseman*, 701 A.2d at 162.

Accordingly, we reverse the order transferring venue based on *forum non conveniens*.

Order reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2024

---

[3] We note that we have found no legal authority for the proposition that Mr. Ceccato's status as a named defendant alone is sufficient to grant a motion for *forum non conveniens*. If the case law supported this proposition, then a defendant who lives in a county other than the one in which the plaintiff filed the complaint could in all cases successfully have the case transferred to the defendant's home county and the plaintiff's chosen forum would be meaningless.