J-A12040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANETTE VAN HORN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE GIANT COMPANY, LLC D/B/A | : | No. 2149 EDA 2023 |
| GIANT MARTIN'S CO., F/K/A GIANT | : | |
| FOOD STORES, LLC | : | |

Appeal from the Order Entered July 14, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220303215

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 03, 2024**

Janette Van Horn appeals from the trial court's July 14, 2023 order granting the motion filed by Appellee, The Giant Company, LLC d/b/a Giant Martin's Co., f/k/a Giant Food Stores, LLC, to transfer this case from Philadelphia County to Montgomery County based on forum ***non conveniens***. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] commenced this action on March 31, 2022
> against [Appellee]. The Complaint sets forth claims
> of negligence stemming from [Appellant's] fall at
> [Appellee's] store located at 180 Upland Square Drive

---

[*] Former Justice specially assigned to the Superior Court.

in Stowe, Pennsylvania situated in Montgomery Township.

On May 4, 2023, [Appellee] filed a Motion to Transfer venue to Montgomery County, under the doctrine of forum *non conveniens*, pursuant to Pa.R.C.P. 1006(d)(1).[FN]  [Appellant] filed her opposition thereto on May 19, 2023.[FN]

On May 31, 2023, this Court issued a Rule to Show Cause under Pa.R.Civ.P 206.7 scheduling a hearing for July 13, 2023.  No party supplemented its filings prior to this hearing.  On July 13, 2023, this Court conducted a hearing, [Appellant] failed to appear, and this Court subsequently granted [Appellee's] Motion to Transfer to Montgomery County.

On July 20, 2023, [Appellant] filed a Motion for Reconsideration, to which [Appellee] filed its opposition on July 24, 2023.  This Motion was denied on September 14, 2023.

On August 14, 2023, [Appellant] filed a Notice of Appeal to the Superior Court.

---

[FN] [Appellee] averred that trial in Philadelphia County would be vexatious and oppressive through sworn affidavits of material witnesses that [Appellee] planned to call at trial: Douglas Dimmig, a Deli Manager eye-witness and Theresa Manieri, an Assistant Store Manager.

[FN] [Appellant's] answer to [Appellee's] motion averred that [Appellant's] choice of forum is afforded great weight and should not be a dispositive factor in a forum *non conveniens* analysis.  [Appellant] further argues that [Appellee] has only shown a mere inconvenience.

Trial court opinion, 11/13/23 at 1-2 (citations and some footnotes omitted).[1]

Appellant raises the following issues for our review:

1.      Whether the [trial] court committed error of law and abuse of discretion when it granted Appellee's Motion to Transfer from Philadelphia to neighboring Montgomery County for Forum *Non Conveniens* by failing to hold [Appellee] to the proper burden?

2.      Whether the [trial] court committed error of law and abuse of discretion when it misapplied controlling case law to the Forum *Non Conveniens* analysis?

3.      Whether the [trial] court committed error of law and abuse of discretion in reaching a manifestly unreasonable outcome in granting Appellee's Motion to Transfer for Forum *Non Conveniens*, where the two subject witnesses would experience, at most, inconvenience, if trial were to be held in neighboring Philadelphia County as opposed to Montgomery County requiring them to slightly adjust their schedules to travel an additional 15-18 miles?

4.      Whether the [trial] court committed error of law and abuse of discretion when it relied upon non-record evidence and incorrect facts and arguments of the parties?

Appellant's brief at 4.

The crux of Appellant's four interrelated issues, which we address together, is that Appellee failed to meet its burden "that trial in Philadelphia would [be] oppressive or vexatious and more than a mere inconvenience[.]"

_____

[1] The record reflects that Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's brief at 15. Appellant avers that the trial court, in transferring the case based on forum *non conveniens*, misapplied the legal standard established by the Pennsylvania Supreme Court in *Cheeseman v. Lethal Exterminator, Inc.*, 701 A.2d 156 (Pa. 1997), and its progeny. Appellant's brief at 32-49. We disagree.

> We review a trial court's decision granting a motion for a change of venue based on forum *non conveniens* for an abuse of discretion. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record. Notably, the trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion. Along the same lines, the trial court, in considering a motion based on forum *non conveniens*, shall give the plaintiff's choice of forum great weight and deference.

*James v. Wal-Mart Distribution Center*, 310 A.3d 316, 319 (Pa.Super. 2024) (citations and internal quotation marks omitted).

Pennsylvania Rule of Civil Procedure 1006 authorizes the trial court to decide a motion to transfer venue based on forum *non conveniens* and provides, in relevant part, that "for the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.Civ.P. 1006(d)(1).

In the seminal *Cheeseman* case, our Supreme Court recognized that the trial court must give deference to a plaintiff's choice of forum and should

not grant a defendant's motion to transfer venue based on forum ***non conveniens*** unless the defendant shows with detailed information on the record that the chosen forum is oppressive or vexatious. ***Cheeseman***, 701 A.2d at 162 (stating, "the defendant must show more than that the chosen forum is merely inconvenient to him."). Subsequenlty, in ***Bratic v. Rubendall***, 99 A.3d 1 (Pa. 2014), our Supreme Court clarified the level of "oppression" needed for a trial court to grant a transfer of venue based on forum ***non conveniens***:

> A petition to transfer venue must be supported by detailed information on the record, but ***Cheeseman*** and Rule 1006(d) do not require any particular form of proof. All that is required is that the moving party present a sufficient factual basis for the petition [, and t]he trial court retains the discretion to determine whether the particular form of proof [] is sufficient.

***Id.*** at 9 (citations and internal quotation marks omitted; some brackets in original). The ***Bratic*** Court reasoned that although "mere inconvenience remains insufficient," a defendant need not show "near-draconian consequences" resulting from a trial in the plaintiff's chosen forum. ***Id.*** at 10.

Recently, a panel of this Court held that in order to support transfer of venue based on forum ***non conveniens***, "the defendant must identify the allegedly inconvenienced witnesses as key to its defense and provide a general statement of their testimony[.]" ***James***, 310 A.3d at 320.

Following our careful review, we find that the record supports the trial court's decision to transfer this case from Philadelphia County to Montgomery

County based on forum ***non conveniens***. In support of its motion to transfer venue, Appellee attached sworn affidavits identifying two witnesses material to its defense who would be inconvenienced if they had to travel to Philadelphia to testify: Theresa Manieri, the Assistant Store Manager of Appellee's Stowe store in Montgomery County, and Douglas Dimmig, the Deli Manager of Appellee's Stowe store in Montgomery County. ***See*** "Motion to Transfer for Forum ***Non Conveniens***," 5/4/23 at ¶¶ 20-21, 23-24; Exhibits C, D.

Manieri's affidavit established that a trial in Philadelphia would require her to travel 124 miles round trip from her home in Lehigh County to testify, with a total travel time of approximately three hours with rush hour traffic. Exhibit C - Affidavit of Theresa Manieri, 4/11/23 at 2, ¶ 10. Dimming's affidavit established that he would have to travel 134 miles round trip from his home in Berks County to testify, with a total travel time of approximately three hours with rush hour traffic. Exhibit D - Affidavit of Douglas Dimmig, 3/22/23 at 2, ¶ 10.

At the July 13, 2023 hearing on the motion, Appellee's counsel further provided a general statement as to what Dimming would testify too, indicating that Dimming was using a kiosk right next to Appellant and was an eyewitness to her fall. ***See*** notes of testimony, 7/13/23 at 6.

We note that the applicable standard of review in ***Bratic*** requires this Court to determine whether there is support in the record for the trial court's

ruling based on the totality of the circumstances, not to substitute our own judgment for that of the trial court. *See Bratic*, 99 A.3d at 8. Mindful of this standard of review, we find that the record belies Appellant's argument that the trial court abused its discretion. As in *Bratic*, the trial court here cited several factors, including: Appellant's outright failure to appear at the July 13, 2023 evidentiary hearing to contest Appellee's motion to transfer; the fact that Appellant is resident of Pottstown in Montgomery County; that Appellant's underlying fall occurred at Appellee's Stowe store in Montgomery County; that all material allegations of negligence center on conduct occurring in Montgomery County; that none of the witnesses reside in Philadelphia County; and that "Philadelphia taxpayers, courts, and juries[] should not have to sustain of all of the slip and fall litigation for Wawa, Giant, Acme, and other regional supermarkets" simply because these chains may operate stores in Philadelphia County. Trial court opinion, 11/13/23 at 3-5.

While none of these factors alone would have justified a transfer based on forum *non conveniens*, the trial court here, as in *Bratic*, did not rely on any of these factors as dispositive but considered the totality of the circumstances. Specifically, the Honorable Linda A. Carpenter reasoned as follows:

> the submissions to the Court, in their totality, clearly established that the hardship to [Appellee] was more than mere inconvenience. There is no substantial relationship to any activities, events, or transactions in Philadelphia County and . . . transfer is appropriate because travel time for most, if not all, of the critical

- 7 -

> witnesses will be reduced and the premises at issue are in Montgomery County. This Court has evaluated the ***Cheeseman*** factors and has found that the assertions of the defense are not 'mere inconvenience' but, under the totality of the circumstances, are oppressive and vexatious.

Trial court opinion, 11/13/23 at 7; ***see also*** notes of testimony, 7/13/23 at 15-16.

Based on the foregoing evidence in the record, we find ample support for the trial court's determination that Appellee satisfied its burden that a trial in Philadelphia County would be oppressive and vexatious, and not "merely inconvenient." ***Cheeseman***, 701 A.2d at 162. Accordingly, we conclude that the trial court did not abuse its discretion in transferring this case to Montgomery County based on its findings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/3/2024