J-S44026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BETON HOLDINGS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SUMMIT CAMP, LLC AND SIMAD HOLDINGS, LLC | : | |
| Appellant | : | No. 749 EDA 2025 |

Appeal from the Judgment Entered May 6, 2025
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2023-00588

| | | |
|---|---|---|
| BETON HOLDINGS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| SUMMIT CAMP, LLC AND SIMAD HOLDINGS, LLC | : | No. 853 EDA 2025 |

Appeal from the Judgment Entered May 6, 2025
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2023-00588

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 26, 2026**

These are cross-appeals[1] from the judgment entered May 6, 2025, in

the Wayne County Court of Common Pleas following a jury verdict in favor of

---

[1] On August 15, 2025, this Court issued an order *sua sponte* consolidating the cross-appeals and designating Summit Camp, LLC ("Summit Camp") and Simad Holdings, LLC ("Simad Holdings") as Appellants, and Beton Holdings, LLC ("Beton Holdings") as Appellee.

Appellee Beton Holdings. After careful review, we affirm. We remand this case, however, for the limited purpose of calculating and awarding post-judgment interest.

The relevant facts and procedural history are as follows. In 2022, Appellant Summit Camp made a distribution to Appellant Simad Holdings, a 51% member of Summit Camp, but made no distribution to Appellee, a 49% member of Summit Camp. Appellee filed a complaint alleging that Appellant Summit Camp should have made a cash distribution of $509,262.00 to Appellee. Appellee alleged a creditor claim and a claim of breach of fiduciary duty.

On November 13, 2024, following a jury trial, the jury determined that Appellee was entitled to a distribution in the amount of $254,631.09. The jury found in Appellee's favor based on the creditor claim but not on Appellee's claim of breach of fiduciary duty.

Appellee filed a motion for post-trial relief, requesting that the court 1) modify the amount of the distribution to $509,262.00 and 2) mold the total verdict amount to include pre-judgment and post-judgment interest. Appellants filed an answer and brief in opposition, but did not file a post-trial motion raising any independent grounds for relief. On February 24, 2025, the trial court modified the distribution to $509,262.00 and denied Appellee's request for pre-judgment and post-judgment interest.

These cross-appeals followed. The parties each filed 1925(b) statements and in response, the trial court issued a 1925(a) opinion adopting and incorporating its February 24, 2025 opinion and order.

On April 23, 2025, this Court filed an order directing Appellants to show cause as to why the appeal should not be quashed or dismissed as Appellants had not filed post-trial motions and judgment had not been entered. In response, on May 6, 2025, Appellants filed a *praecipe* for the entry of judgment, perfecting this Court's jurisdiction.

**A.**

We first address Appellants' claims on appeal. Appellants raise the following issues:

1. Did the trial court err in granting [] Beton Holding['s] Motion for Post Trial Relief?

2. Did the trial court err or otherwise abuse[] its discretion in modifying the verdict to $509,262.00[?]

3. Did the trial court err or otherwise abuse its discretion in modifying the jury verdict beyond thirty days of the verdict being entered[?]

4. Did the trial court err or otherwise abuse its discretion in modifying the jury verdict beyond thirty days of the verdict where the [c]ourt did not expressly toll the appeal period[?]

5. Did the trial court err or otherwise abuse its discretion in modifying the verdict where Beton Holdings did not object to same at trial[?]

6. Did the trial court err or otherwise abuse its discretion in modifying the verdict because the verdict was against the weight of the evidence[?]

7. Did the trial court err or otherwise abuse its discretion in finding the verdict was against the weight of the evidence[?]

- 3 -

Appellants' Br. at 4-5.

Before addressing the merits of these claims, we must determine whether Appellants preserved their issues on appeal. "It is well-established that issues not raised in post[-]trial motions are waived for purposes of appeal." **Diener Brick Co. v. Mastro Masonry Cont.**, 885 A.2d 1034, 1038 (Pa. Super. 2005) (citing Pa.R.Civ.P. 227.1). Moreover, "the filing of a 1925(b) statement raising the issue is not an adequate substitute for the raising of the issue in post-trial motions." **Id.** at 1039. Here, Appellants did not file a post-trial motion and filed only a response in opposition to Appellee's post-trial motion.[2] Appellants have, thus, waived all issues on appeal and we are constrained to dismiss their appeal.

**B.**

We next address Appellee's claims on cross-appeal, which Appellee preserved in its post-trial motion. Appellee raises the following issues:

1. Whether the trial court erred or otherwise abused its discretion in declining to award the verdict winner pre[-]judgment interest?

2. Whether the trial court erred or otherwise abused its discretion in declining to award the verdict winner post-judgment interest?

---

[2] Appellants, in their response to this Court's rule to show cause, argue that they preserved their issues by filing a response in opposition to Appellee's post-trial motion to mold the verdict. Appellants do not cite, and this Court cannot locate, any authority that allows a response in opposition to a post-trial motion to substitute for a post-trial motion for the purpose of issue preservation.

Appellee's Br. at 2.[3]

In Appellee's first issue, it argues that the trial court erred when it declined to award Appellee pre-judgment interest. *Id.* at 13-16. "Our review of an award of pre-judgment interest is for abuse of discretion." *E. Steel Constrs., Inc. v. Int'l Fid. Ins. Co.*, 282 A.3d 827, 858 (Pa. Super. 2022), *aff'd* 2026 WL 457805 (Pa. filed Feb. 18, 2026). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." *James v. Wal-Mart Distrib. Ctr.*, 310 A.3d 316, 319 (Pa. Super. 2024) (citation omitted).

Pre-judgment interest is recoverable as of right in breach of contract cases "[i]f the breach consists of a failure to pay a definite sum of money or to render a performance with fixed or ascertainable money value." *E. Steel*, 282 A.3d at 858 (citation omitted). In any other case, the trial court has discretion to award pre-judgment interest "as justice requires on the amount that would have been just compensation had it been paid when performance was due." *Id.* (citation omitted). "Thus, before awarding pre[-]judgment interest, the court must identify the nature of the breach." *Id.*

This case did not involve a breach of contract, and Appellee's claims rely on the Pennsylvania Uniform Limited Liability Company Act, 15 Pa.C.S. §§

---

[3] We do not include or address Appellee's arguments in opposition to Appellants' appeal, as we dismiss Appellants' appeal *supra*.

8811-98. Appellee is not, therefore, entitled to pre-judgment interest as of right.

The trial court had discretion to award pre-judgment interest as an equitable remedy and explained that it declined to do so here because the case did not involve "breach of any kind" and the jury did not find in Appellee's favor on its claim of breach of fiduciary duty. Op. and Order, 2/24/25, at 3. While Appellee asserts that the trial court should have reached a different conclusion because Appellant Summit Camp was in possession of an ascertainable sum that belonged "in good conscience" to Appellee,[4] we cannot conclude on this basis that the trial court's decision was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. Our review of the record and relevant case law supports the trial court's exercise of its discretion and Appellee's claim that the trial court erred in denying pre-judgment interest, thus, warrants no relief.

Appellee next argues that the trial court erred when it declined to award Appellee post-judgment interest. Appellants' Br. at 16-17. Appellee asserts that the trial court did not separately evaluate Appellee's entitlement to post-judgment interest and that, unlike pre-judgment interest, "post-judgment interest is awarded as a matter of right on the amount of the verdict (as molded) from the date judgment is entered until the date judgment is paid."

_____

[4] Appellant's Br. at 16.

- 6 -

*Id.* at 17. Appellee concludes that the trial court did not have discretion to deny the award of post-judgment interest. *Id.*

In Pennsylvania, awards of post-judgment interest are governed by statute. Section 8101 provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101.

In its opinion, the trial court fails to explain its reasons for denying Appellee's request for post-judgment interest and addresses only its denial of pre-judgment interest. *See* Op. and Order, 2/24/25, at 3. As the trial court must award post-judgment interest as of right, we remand this case for the trial court to calculate and award post-judgment interest pursuant to Section 8101.

Judgment affirmed. Case remanded for award of post-judgment interest. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2026